# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **CHARLES WILLIAM DUNCAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 1:08-1629-CLS-RRA** |
| ) | |
| **CORRECTIONAL MEDICAL** ) | |
| **SERVICES, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on August 10, 2009, recommending that the defendants' motion for summary judgment be granted and this case be dismissed with prejudice. Plaintiff filed objections on August 19, 2009. For the following reasons, plaintiff's objections are due to be and are overruled.

The basis of plaintiff's objections is that he disagrees with the magistrate judge's finding that the facts fail to show how any one of the defendants acted with deliberate indifference towards a serious medical condition in violation of the Eighth Amendment. Specifically, the plaintiff objects to the court's reliance on *Williams v. Arnold*, 207 Fed. Appx. 980 (11th Cir. 2006).

*Williams* involved an inmate plaintiff who suffered from Addison's disease. People with Addison's disease must take medications daily or risk serious health

problems, including death. *Id.* at 981. The *Williams* plaintiff brought a § 1983 action against the county sheriff and chief jailer, alleging they violated his Eighth Amendment rights by showing a deliberate indifference to his serious medical need through the denial of his required medications on 49 out of 530 days of incarceration, including both a four-day period and a seven-day period with no medication. *Id.* The delays resulted from the jail staff's failure to pick up the medicine from the pharmacy on time. The plaintiff in *Williams* alleged that as a result of the delay in receiving his medications, he feared for his life and suffered physical and psychological problems. *Williams*, 207 Fed. Appx. at 983. The Eleventh Circuit held that the plaintiff presented sufficient evidence to show existence of a serious medical need, but he failed to show that the defendants exhibited a deliberate indifference to that medical need, noting that the jailers granted the plaintiff's requests for treatment by a doctor for symptoms related to his lack of medication. *Id.*

 Plaintiff attempts to distinguish *Williams* because he was denied medications for longer periods of time than the *Williams* plaintiff. (Doc. no. 20, p. 2). However, as in *Williams*, plaintiff received medical treatment for symptoms allegedly resulting from delays in receiving medications. Further, plaintiff has not suffered any lasting physical harm as a result of the delay. The mere fact that plaintiff experienced longer delays than the *Williams* plaintiff, without more, does not warrant a finding of

2

deliberate indifference.

Plaintiff further argues that deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for non-medical or unexplained reasons, citing *Hicks v. Jenne*, 213 Fed. Appx. 800, 801 (11th Cir. 2007)(citing *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003)(finding a jury question as to an unexplained 15-month delay in providing dentures to an inmate who had only two teeth and suffered significant weight loss and pain as a result of the delay)).  In *Hicks*, the Eleventh Circuit granted summary judgment to the defendants, finding that the plaintiff could not show that the defendants "were more than negligent or that his treatment was so cursory as to be nonexistent." *Hicks*, 213 Fed. Appx. at 802 (citations omitted).  Plaintiff, who admittedly was "rushed" to the hospital on at least five occasions when he complained of symptoms (doc. no. 1, pp. 5-8), likewise has failed to show deliberate indifference on the part of defendants, and defendants are entitled to summary judgment as a matter of law.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by plaintiff, this Court is of the opinion that the magistrate judge's report is due to be, and it hereby is, ADOPTED, and his recommendation is ACCEPTED.  The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the

defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED, and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this 29th day of September, 2009.

                                                                      /s/ Lynwood Smith
                                                                      United States District Judge